# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**Case Number:** <u>2:23-cv-00691-CB</u>

**Case Name:** <u>In re: U Lock Inc., Debtor</u>
<u>CHRISTINE BIROS v. GEORGE SNYDER</u>

_____

### INFORMAL BRIEF

<u>**DIRECTIONS**</u>: *Answer the following questions about your appeal or petition for review to the best of your ability. Use additional sheets of paper if necessary. <u>The total number of pages cannot exceed 30.</u> Parties are encouraged to use one side of the paper for ease of reading. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

**1. Jurisdiction:** What order(s) of the bankruptcy court are you appealing?

Order at Entry 366, Denying the Claim of George Snyder for wages/services

What is the date of the order(s)?

April 14, 2023

When did you file your notice of appeal or petition for review?

I filed the notice of appeal on April 24, 2023, at Entry 372.

**2. Statement of the case:** Explain the proceedings in the district court or before the agency (i.e. what the district court or the agency did in deciding your case).

This is an involuntary bankruptcy case which resulted in the liquidation of U Lock Inc.

I never received any compensation for working at U Lock since 2015, so I filed a proof of claim on August 26, 2022. It was docketed at Claim 5-1.

The Trustee overseeing the bankruptcy did not object to my claim.

Christine Biros, U Lock's silent partner, objected to my claim on February 23, 2023, at Entry 337.

I filed a response at Entry 358.

The Notice of Hearing stated it would not be an
evidentiary hearing.  The Notice of Hearing at Entry 338
clearly stated, "Only a limited time of ten (10) minutes
is being provided on the calendar. No
witnesses will be heard. If there is an issue of fact, an
evidentiary hearing will be scheduled by
the Court for a later date."

The bankruptcy court held an initial non-evidentiary
hearing on April 14, 2023.  See Entry 377.  Despite it
being non-evidentiary, and without providing me any fact
hearing, he denied my claim stating that the statute of
limitations stopped part of it, and that the fact that it
was a "family" business eliminated the Fair Labor
Standards Act as to me, who owned the company.  (But I
didn't own the company, I was a shareholder).

The bankruptcy court entered a formal order denying my
claim at Entry 366.

I filed a timely notice of appeal at Entry 372.

**3.  Statement of facts**: Explain the facts and events that led to the complaint in the district court or the action before the agency.

U Lock is a corporation.  It has over 1000 shareholders.  See Entry 337-1, page 18.  It had Christine Biros and John Biros as silent partners because they didn't want their name on things due to an attorney general investigation.  Id.  U Lock's only main asset was a property that Christine Biros loaned the money to buy.  But because U Lock was insolvent, didn't file taxes, and didn't keep good records, the property was given to Christine Biros because it couldn't afford to pay her.  Biros v. U Lock, 255 A3d 439 (Pa. Super. 2021).  That left U Lock without anything.  Shanni Snyder, who claimed U Lock owed her money, put U Lock into involuntary bankruptcy.

Despite working for U Lock non-stop since 2015, I never received any form of compensation or salary.  I filed a proof of claim for wages.  See Claim 5-1.  I filed my claim in August 2022.

In late February 2023, Christine Biros object to it, she complained that the statute of limitations prohibited part of it, and that the Fair Labor Standards Act did not apply to family businesses.  Biros stated that because U Lock did not list the employee debt on the schedules, I was barred even though I filed a timely proof of claim.

The judge did not have an evidentiary hearing.  He ruled off the cuff.  All of the issues were fact based, but he did not provide the opportunity to present evidence.  The hearing was clearly marked and designated as "non-evidentiary" and the notice said no witness could be called and that if a need for evidence came about, it would be scheduled for an evidentiary hearing.  See Entry 338.

Without hearing any evidence, the judge ruled that at Entry 377, pages 8-10, "First off, under applicable law, 29 U.S.C.A. Section 203(s)(2), provides, quote, any establishment that has as its only regular employees, the owner thereof, or the parent, spouse, child, or other member of the immediate family of such owner, shall not be considered to be an enterprise engaged in commerce, or in the production of goods for commerce, or a part of such an enterprise, end quote.  Relatedly, Section 29 U.S.C.A., Section 206 provides, quote, every employer shall pay to each of his employees, who in any work week is engaged in commerce, or in the production of goods for commerce, or is employed in an enterprise engaged in commerce, or in the production of goods for commerce, wages,at the following rates, end quote.  Here, the Court is finding that this did not constitute -- U LOCK did not constitute an entity or an enterprise engaged in commerce, since he was -- George Snyder was the owner, U LOCK had no other employees, and consequently George does not appear to be an employee as qualified under the FLSA.  I also note that the statute does provide under 29 U.S.C., Section 255(a), that there is a two year statute of limitations except that an action arising from a willful violation may be commenced within three years.  Here, the allegation is that some of these claims may reach as far back from 2015 to at least 2019 and, therefore, would seemingly be time barred. I also note that the response that was given does seem to have some inconsistencies. I'm not sure exactly why Mr. Snyder is claiming exemptions under the FLSA, because the exemptions would not be helpful to him and, in fact, would exclude U LOCK or his status from coverage for wages.  It also appears to me that Claim 5-1 appears to be an attempt to recoup lost sweat equity or capital contributions that were provided through his labor and efforts, rather than a wage.  And, finally, and also compelling, is that the claim does conflict with sworn statements that were given elsewhere in this case, particularly with respect to the schedules and testimony at the 341 meeting and in other sworn declarations. So, for all those reasons, I find that the objection is well   4 founded and I will sustain the objection and deny Mr. Snyder's claim.

The bankruptcy judge then issued a written Order and Entry 366.  I filed a timely notice of appeal at Entry 372.

**4.  Statement of related cases:**  Have you filed an appeal or petition for review in this case before?  If so, give title of case and docket number.

I have not, but see below.

Do you have any cases related to this case pending in the district court, in the court of appeals or before the agency?  If so give title of case and docket number.

Christine Biros filed a silly RICO lawsuit against me at 23-cv-297, pending with Judge Colville, that relates to this proof of claim.

Shanni Snyder has a similar FLSA/wage issue re U Lock before Judge Colville at Cases 2:23-cv-00979 and 2:21-cv-00904.

**5.**  Did the court or the agency incorrectly decide the facts of your case?what  _____ YES  If so, facts?

First, the court should not have found any facts without giving me an opportunity to present evidence on the issues.

Second, the  court incorrectly found that that the Fair Labor Standards Act did not apply because I was an owner so it was a family business not engaged in commerce.  The law cited applies to FARMS, not CORPORATIONS with many shareholders.  This was a corporation with over 1000 shareholders, see Entry 337-1, pages 4 and 18 (transcript submitted by Christine Biros) and two silent partners, being Christine Biros and John Biros.  Id.

Third, the court incorrectly found that my explanation that the company did not have "employees" contradicted with my claims for wage.  The company had no employees who receive wage, which is true, but the definition of an employee under the FLSA is much more broad than an employee in the ordinary sense.  Volunteers, day workers, even executives are considered employees under the FLSA.  The court performed no analysis and should have had an evidentiary hearing in this regard.

Fourth, the court incorrectly found that the wage related to matters going all the way back to 2015 and 2019 so the statute of limitations barred the claims.  Statute of limitations is an affirmative defense, and an evidentiary hearing would have been needed to determine which period would have been exempted.  Even if this was the case, the Supreme Court stated that statute of limitations in bankruptcy does not prevent a proof of claim because it does not extinguish the debt.  *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017).  This is because in Pennsylvania, a debt is not extinguished by any running of the statute of limitations.  Ehsanuddin v. Wolpoff & Abramson, 2007 WL 543052, at *4, n.1 (W.D. Pa. 2007).

Fifth, the court incorrectly found it was a claim for "sweat equity" rather than wage or services.  This shows the Court's misunderstanding of the FLSA (see argument below).  Sweat equity does not exist as to a corporation with 1000 shareholders and two silent partners.  See Entry 337-1, pages 4 and 18.   Rather, work allows a claim for FLSA wages or even just compensation for  those services at a prevailing rate even if FLSA does not apply to this CORPORATE not farm of family proprietorship debtor.

**6.** Did the court or the agency apply the wrong law (either cases or statutes)?          *Yes*
     If so, what law do you want applied?

First, the bankruptcy court erred by making findings of facts that required an evidentiary hearing.  Entry 338 stated the hearing would not allow evidence or witnesses and an evidentiary hearing would be scheduled.  All of these issues are fact intensive, but the judge just made off the cuff determinations when I was entitled to a full hearing on these issues.

Second, the bankruptcy court erred by denying my claim because the statute of limitationsbarred SOME but not ALL of it.  An evidentiary hearing would have been necessary to calculate the extent the statute of limitations applied.  But for the purposes of bankruptcy, the statute of limitations is an inappropriate defense by a third party on the issue of my claim because the expiration of the limitations period does not eliminate the debt.  the Supreme Court said in *Midland Funding v. Johnson*, 137 S. Ct. 1407, 2017 BL 161314 (May 15, 2017) that "the law of many States provides that a creditor has the right to payment of a debt even after the limitations period has expired."   Pennsylvania the debt is not cancelled by the expiration. See Ehsanuddin v. Wolpoff & Abramson, 2007 WL 543052, at *4, n.1 (W.D. Pa. 2007) ("[I]t should be noted here that the fact that the limitations period during which a lawsuit may be brought has lapsed, does not mean that the debt itself has been extinguished or that a debt collector is precluded from using means, other than judicial means, to collect the debt."); Aronson v. Commercial Financial Services, Inc., 1997 WL 1038818, at *3 (W.D. Pa. 1997) ("The statute of limitations foreclosed judicial remedies rather than eliminat[ed] the underlying rights.").

Third, this was not an objection by the Trustee.  It was by a third-party creditor Christine Biros. Therefore, she was limited to challenging whether, because I was an insider, the work performed did not constitute fair value.  Biros was limited by 11 USC 502 to the scope of her objections.   The only applicable issue was 11 USC 502(b)(4) which provides a remedy to disallow the claim "(4)if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services".  This would have required an evidentiary hearing.

Fourth, the court misunderstands the FLSA and does not understand that an "employee" is ordinarily understood to be a person who receives a wage with taxes taken out and a contractor receives a check without wages and a volunteer or part-owner is just that.  But when push comes to shove under the FLSA, the definition is different.  The FLSA defines employer "expansively," Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326,  (1992), and with "striking breadth." Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947). The Supreme Court has even gone so far as to acknowledge that the FLSA's definition of an employer is "the broadest definition that has ever been included in any one act." United States v. Rosenwasser, 323 U.S. 360, 363 n. 3, 65 S.Ct. 295, 89 L.Ed. 301 (1945).

Fifth, the court misunderstood the FLSA's exemption for family owned businesses.  This statutory exemption is not applicable to general corporations, but apparently family farms. U Lock is not a family farm.  It was a storage facility with out of state customers, housing trailers used in interstate commerce, with a public company as a shareholder.  The debtor is a corporation with two silent partners, Christine Biros and John Biros, who did not want their name on the charter due to a criminal investigation.  In addition, there were over 1,000 small shareholders.  This is found in the testimony ATTACHED TO CHRISTINE BIROS' OBJECTION TO THE PROOF OF CLAIM, Entry 337-1, pages 4 and 18.  The court did not fully analyze this situation when it acted summarily.

Sixth, finally, there is no exemption in the FLSA or just money owed for services where "sweat equity" was involved.  Under the FLSA an executive must receive $684 per week to be exempt.  Section 13(a)(1) of the FLSA provides an exemption from both minimum wage and overtime pay for employees employed as bona fide executive, administrative, professional and outside sales employees. Section 13(a)(1) and Section 13(a)(17) also exempt certain computer employees. To qualify for exemption, employees generally must meet certain tests regarding their job duties and be paid on a salary basis at not less than $684 per week.

**7.** Are there any other reasons why the district court's judgment or the agency's decision was wrong?  <u>Yes.</u>
   If so, briefly state these reasons.

     All of the legal issues in this case required an evidentiary hearing to put the facts into the statute (FLSA) and the statute of limitations defense.  This court, on the record without an evidentiary hearing, probably cannot adequately determine the correctness of the ruling.  The case should be remanded for a full evidentiary hearing to address the interplay between the FLSA, the services I performed, the statute of limitation, and whether the services would be payable without recourse to the FLSA as it is undisputed that "sweat equity" occurred. There can be no sweat equity for executives unless they earn $684 per week.

**8.** What action do you want the court to take in this case?

     The matter Order of the bankruptcy judge at Entry 366 must be reversed or vacated and the matter remanded with instructions to hold a full evidentiary hearing and address the legal issues that were not addressed when the court summarily denied the claim at a non-evidentiary hearing.

/s/ George Snyder
_____
Signature

**The entire court record is available for the court's review.  You must attach copies of the district court docket entries, the opinion and order appealed, and the notice of appeal.  You may, but are not required to, attach any documents filed in the district court that you think the court of appeals must see in order to decide your appeal. Documents not admitted in the district court may not be submitted to the court of appeals without permission of the court.**

**IMPORTANT: IF YOU ARE PROCEEDING PROCEEDING <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>, YOU MUST FILE AN ORIGINAL AND THREE (3) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK.  IF YOU HAVE PAID THE DOCKETING FEE, YOU MUST FILE AN ORIGINAL AND SIX (6) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK.  A COPY OF THIS BRIEF AND ANY ATTACHMENTS MUST ALSO BE SENT TO ALL OPPOSING PARTIES.  YOU MUST CERTIFY ON THE ATTACHED PROOF OF SERVICE THAT A COPY OF THIS BRIEF AND ANY ATTACHMENTS WERE SENT TO ALL OPPOSING PARTIES.**

# PROOF OF SERVICE

_____   I certify that on    7/31/2023          (date)

ALL PARTIES ARE ECF FILERS.  I also emailed to Robert Slone Trustee.

_____

/s/ George Snyder
_____
Signature

Dated: 7/31/2023
_____

_Rev. 06/2018_