# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

### Civil Action No. 2:23-cv-00691

### In re: U LOCK INC., Debtor

George Snyder,
Appellant,

v.

CHRISTINE BIROS,
Appellee

## BRIEF OF CHRISTINE BIROS, APPELLEE

On Appeal from the United States Bankruptcy Court for the Western District of Pennsylvania, Hon. Gregory L. Taddonio, Chief United States Bankruptcy Judge, from the Order Sustaining Christine Biros' Objection to George Snyder's Claim Entered April 14, 2023, at Case22-20823-GLT

Counsel of Record for this Party:

Robert S. Bernstein, Esq.
Pa. I.D. No. 34308
Sarah E. Wenrich, Esq.
Pa. I.D. No. 325834

BERNSTEIN-BURKLEY, P.C.
601 Grant Street
9th Floor
Pittsburgh, PA 15219
(412) 456-8100  Telephone
(412) 456-8135  Facsimile
rbernstein@bernsteinlaw.com
swenrich@bernsteinlaw.com

# TABLE OF CONTENTS

Table of Authorities………………………………..……………..……..………………………ii

Statement of the Issues Presented………………………………….............................…1

Statement of the facts………………………………………………………………………….1

Argument………………………………………………………………………………….....3

    A.    Preliminary Statement……………………………………………………..3

    B.    Snyder failed to raise various arguments in bankruptcy court and such arguments, now raised in the Snyder Brief, have been waived……..………...4

    C.    Judicial Estoppel prevents from asserting the Claim and/or presenting contradicting and self-serving testimony……………………………………5

    D.    the Federal Labor Standards Act is inapplicable to the Debtor and to Snyder……………………………………………………………………………..7

        i.    To the extent that it is relevant, Snyder is the "owner" of the Debtor corporation and is therefore excluded from the protections of the FLSA………………………………………………………………………………7

        ii.    Snyder is not, and was not, and "employee" of the Debtor under the FLSA…....…………………………………………………….…………………8

    E.    The Bankruptcy Court did not abuse its discretion in sustaining the Objection…………………………………………………………………………..10

Reservation of Rights……………………………………………………………………11

Conclusion………………………………………………………………………………...12

Certificate of Service……………………………………………………………………14

Certificate of Compliance……………………………………………………………..…..15

**TABLE OF AUTHORITIES**

*Case Law*

*Allegheny Int'l, Inc.* 954 F.2d 167 (3d Cir. 1992)……………………………………………..10
*Coles v. Carlini*, No. 10-6132, 2013 U.S. Dist. LEXIS 101873* (D. N.J. July 22, 2013)………..6
*Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1382-83 (3d. Cir. 1985)……………..…….9
*Eisert v. Urick Foundry Co.,* 150 F.Supp. 280, 286 (W.D. Pa. 1957)……………………………..8
*In re Imerys Talc Am., Inc. v. Cyprus Historical Excess Insurers,* 38 F.4th 361, 372
  (3d Cir. 2022) ………………………………………………………………………………5
*Kehler v. Albert Anderson, Inc.*, No. 16-5318, 2017 U.S. Dist. LEXIS 58826, at *18-21
  (D.N.J. Apr. 17, 2017)…………………………………………………………………………8
*Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1293 (3d Cir. 1991)………………………………9
*Reliance Steel & Aluminum Co. v. Locklin (In re Locklin)*, BAP No.
  2015 Bankr. LEXIS 4116* (B.A.P. 9th Cir. Dec. 7, 2015)………………………………………10

*Statutes and Rules*

29 U.S.C. § 201, *et seq.* ……………………………..…………………………………………..*passim*

## STATEMENT OF THE ISSUES PRESENTED

In this matter, Appellant, George Snyder ("Snyder"), appeals from the order of the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") sustaining Christine Biros' ("Biros") objection [Bankr. Doc. No. 337] (the "Objection")[1] to Snyder's alleged Claim [Claim No. 5-1] (the "Claim") against U Lock, Inc. (the "Debtor") and disallowing Snyder's Claim. On appeal, Snyder raises the following issues:

1. Whether the Bankruptcy Court erred by ruling on the Objection to the Claim without holding an evidentiary hearing?
2. Whether the Bankruptcy Court erred in determining that the Fair Labor Standards Act was not applicable to Snyder's alleged Claim?

Biros, as the Movant for the Objection, files this brief in response to the informal brief filed by Snyder [Doc. No. 8] (the "Snyder Brief").

## STATEMENT OF THE FACTS

From approximately July 2015 until April 27, 2022 when the involuntary bankruptcy case was filed against the Debtor at Case No. 22-20823-GLD (the "Bankruptcy Case"), the Debtor operated a self-storage business on Biros' real property, located at 14140 Route 30, North Huntington, Westmoreland County, PA with County Tax Map Number 54-03-0-10-0-103 (the "Property"). Biros' ownership of the Property was determined by the Court of Common Pleas of Westmoreland County (the "State Court") at Case No. 4886 of 2017 (the "State Court Action") and affirmed by the Superior Court of Pennsylvania. *See Biros v. U-Lock,* No. 259 WAL 2021, 2022 Pa. LEXIS

---

[1] The Objection and all exhibits are attached as Appendix Exhibit A.

1

77* (Pa. Jan 19, 2022). The Supreme Court of Pennsylvania rejected the Debtor's petition to appeal the decision of the Superior Court of Pennsylvania, thereby affirming the decisions of the State Court and Superior Court of Pennsylvania. *See Biros v. U-Lock Inc.*, 255 A.3d 489 (Pa. Super. Ct. 2021). Although Debtor's counsel requested a delay in the remand of the record to allow the Debtor to file an appeal with the United States Supreme Court, no such action was taken.

At all relevant times, the Debtor acted through Snyder. Snyder and his brother, Kash Snyder ("Kash"), were the acting principals of the Debtor since its inception in 2015 and were the only parties who made decisions on behalf of the Debtor. Snyder has testified on behalf of the Debtor on numerous occasions and he was the party who directed the Debtor to defend the State Court Action, to refrain from defending an action filed by his sister, Shanni Snyder, against the Debtor in the United States District Court for the Western District of Pennsylvania (the "District Court"), and to refrain from opposing the involuntary Bankruptcy Case. Snyder formed the Debtor entity in 2015 and has been its owner since then, as majority shareholder, and even attempted to act on behalf of the Debtor throughout the Bankruptcy Case when he no longer was in control of the Debtor. Snyder had also admitted to ownership of 345,000,000 shares of the 425,000,000 outstanding shares of the Debtor. *See* Appendix D, at BIROS_APPENDIX_0195.

Snyder completed the Debtor's Bankruptcy petition in the Bankruptcy Case. The only claim that he listed as undisputed against the Debtor was Shanni Snyder's claim for alleged violation of the Fair Labor Standards Act (the "FLSA") for which Shanni Snyder received a default judgment in the District Court.[2] Snyder did not include any alleged unpaid wages or salary that the Debtor allegedly owed him in the schedules that Snyder completed. The first time that Snyder alleged that

---

[2] Biros has objected to Shanni Snyder's alleged claim, asserting that Shanni Snyder's allegations related to hours apparently worked for the Debtor are fraudulent and implausible, fueled by ulterior motives, and that objection is currently pending in the Bankruptcy Case.

he was owed anything from the Debtor for "work performed" was during the Debtor's 341 meeting of creditors held on September 9, 2022, at which time he referred to the Claim that he had filed without any supporting documentation two weeks prior to the meeting.

Throughout the pendency of the State Court Action, Snyder maintained the position that the Debtor did not have any employees. *See* Debtor's Discovery Responses, attached as Appendix Exhibit E to this Brief at BIROS_APPENDIX_0196-0210. Snyder attested to this fact under penalty of perjury in discovery proceedings. *See id.* Snyder also testified under penalty of perjury in the Bankruptcy Case – the same Bankruptcy Case that Snyder filed his claim in – that the Debtor had no employees. *See* 341 Meeting Trans., at 8:1-25, included within Appendix Exhibit A at BIROS_APPENDIX_0027-0028. Specifically, Snyder testified that the Debtor operated through volunteers and officers, notwithstanding the fact that he had filed his Claim only fourteen days prior to that testimony, seeking payment of more than $10,000 per year. *See* Claim. *See id*. Additionally, Snyder's brother, Kash, testified that no person was paid or earned more than $600 per year from the Debtor, *see id.* at BIROS_APPENDIX_0144.

Snyder has failed to produce any documents or credible testimony which might support his alleged claim against the Debtor. Further, his argument regarding the applicability of the FLSA is woefully flawed and it is clear that the FLSA does not apply in these circumstances.

## **ARGUMENT**

### A. Preliminary Statement

Snyder's Claim was correctly disallowed by the Bankruptcy Court and no further hearing or evidence was necessary under the circumstances. The Claim is contradicted by Snyder's

3

previous testimony and actions and is therefore barred by judicial estoppel.

The Claim relies on the applicability of the FLSA and, as set forth more fully below, the FLSA is inapplicable both because Snyder is the owner (as that term is defined under the FLSA and interpreted by various courts) of the Debtor and because Snyder never qualified as an "employee" under the FLSA's definition.

The fact that Snyder had previously made representations under penalty of perjury which directly contradict his Claim further obviated the need for the Bankruptcy Court to hold an evidentiary hearing. Further, the facts related to the applicability of the FLSA were also not in dispute and did not require an evidentiary hearing in order to sustain the Objection.

**B. Snyder failed to raise various arguments in Bankruptcy Court and such arguments, now raised in the Snyder Brief, have been waived**

Following Biros' Objection, Snyder filed a response in opposition to the Objection [Bankr. Doc. No. 359] (the "Response") and a declaration in support of the Response [Doc. No. 369] (the "Declaration.") In the response and declaration, Snyder makes a handful of allegations which can be summarized as follows:

1. Snyder alleges that he worked for U Lock since 2015 and received no compensation from U Lock or Biros;

2. Snyder acknowledges that he did not list his alleged claim on the bankruptcy schedules that he filed under penalty of perjury, but asserts that he could have filed amended schedules to remedy this issue;

3. Snyder alleges the FLSA covers him "even though [he] was an officer and owner." Response, at 2; and

4. Snyder alleges that he worked approximately five days a week for nearly seven years and that he is therefore entitled to approximately $51,359 of minimum wage.

On April 13, 2023, the Bankruptcy Court held a hearing on the Objection (the "Hearing"). During this Hearing, after Snyder was sworn, the Court asked Snyder whether he had anything to add. Snyder stated:

> The only other thing I wanted to add throughout this whole process, right after we handed in the schedules, I was also going to – Mr. Slone and I were talking about amending the schedules, so I could have amended that part as well. I just thought I'd mention that.

Hr'g Trans., 7:19-23, at BIROS_APPENDIX_0217. The Bankruptcy Court asked again whether Snyder had anything further to add and he answered "[n]o." *Id.*, at 7:24-8:1, at BIROS_APPENDIX_0217-0218.

At no point in the Bankruptcy Court did Snyder address the fact that he is excluded by the FLSA as an owner and Snyder failed to make any arguments to support any theory that he was an employee of the Debtor under the FLSA. Snyder also failed to address the many inconsistent statements that he had made in court testimony as well as in other filings under penalty of perjury.

In the Third Circuit, the law is clear that where a party "fails to adequately raise" an argument "with a minimum level of thoroughness" in the lower court, such arguments are waived, *In re Imerys Talc Am., Inc. v. Cyprus Historical Excess Insurers,* 38 F.4th 361, 372 (3d Cir. 2022) (internal citations omitted). "And in bankruptcy appeals, avoiding a waiver determination in the district court or appellate court requires a party to have properly brought the argument before the bankruptcy court." *Id.* (internal citations omitted).

While Biros has addressed many of the issues in the Snyder Brief below for sake of completeness, this Court should only consider the arguments that Snyder raised in the Bankruptcy

5

Court. All other arguments have been waived by Snyder and he should not be able to assert them at this juncture.

### C. Judicial Estoppel Prevents Snyder from asserting the Claim and/or presenting contradicting and self-serving testimony

As set forth by Biros in the Objection:

> Judicial estoppel is a discretionary doctrine recognized by the Third Circuit that prevents injury to the courts and the justice system by dismissing claims – regardless of their merit – when such dismissal is necessary to prevent a litigant from playing fast and loose with the courts. The doctrine is applied only to avoid a miscarriage of justice and only when the party to be estopped (1) took a position during litigation that is irreconcilably inconsistent with his or her present position, (2) the party changed his or her position in bad faith, and (3) no lesser sanction would adequately remedy the damage done by the litigant's misconduct. The Third Circuit and district courts have invoked the doctrine to dismiss claims where plaintiffs who are in bankruptcy (or were in bankruptcy) failed to disclose to creditors pending or potential causes of action as contingent assets in bankruptcy filings. Judicial estoppel remains a fact-specific, equitable doctrine, applied at the courts' discretion. *Coles v. Carlini,* 2013 U.S. Dist. LEXIS 101873, *1.

Objection, at ¶ 19.

Snyder asserts that his ability to amend the schedules in the Bankruptcy Case in order to account for his alleged Claim somehow changes the landscape of the Bankruptcy Court's decision to disallow his Claim, but it does not. The facts that cannot be changed are that Snyder has continuously asserted that the Debtor had no employees, he previously filed schedules under penalty of perjury asserting that he had no claim against the Debtor, and he is now attempting to assert that he was an employee of the Debtor and is owed wages or compensation of some sort. Snyder's Claim was also filed without any corroborating evidence. These facts weigh against Snyder's credibility with regard to details of his alleged Claim as he previously testified that there were no employees of the Debtor.

The Court expressly acknowledged the inconsistent testimony and statements made by Snyder in various pleadings and Snyder's inability to provide credible testimony or evidence to

6

support his Claim is a consequence of his own actions. Hr'g Trans., at 9:15-10:5, at BIROS_APPENDIX_0219-0220. The Court was permitted to weigh his credibility and, in finding that his prior filings make his new allegations in the claim implausible and lacking credibility, the Court did not abuse its discretion in sustaining the Objection in part because of such inconsistencies and Snyder's failure to provide any tangible evidence in support of the Claim.

### D. The FLSA is inapplicable to the Debtor and to Snyder

**a. To the extent that it is relevant, Snyder is the "owner" of the Debtor corporation and is therefore excluded from protections of the FLSA**

Snyder's argument in the Snyder Brief that he is not the owner (per the meaning in the FLSA) of the Debtor defies logic and contradicts documents that he has filed with the Bankruptcy Court. The Snyder Brief states that he cannot be considered the owner because the Debtor is owned by the shareholders, and the hundreds of shareholders are the owners who make decisions on behalf of the Debtor. *See* Snyder Brief, at 2 ("But I didn't own the company, I was a shareholder"). However, the Debtor also filed a resolution in the Bankruptcy Case in which Snyder, as the "majority shareholder," executed the resolution that authorized the Debtor to take certain action. *See* Appendix D, at BIROS_APPENDIX_0195 (the "Resolution"). This Resolution sets forth the outstanding shares and, based upon the information provided in the Resolution, Snyder owns more than 81% of the Debtor's approximately 420 million shares. *See id.* Snyder owns the vast majority of the Debtor's shares and he and his brother, Kash, are the parties who organized and incorporated the Debtor in the first place.[3] Further, Snyder's response to the Objection states that he was an officer and an owner of the Debtor. *See* Response, at p. 2, at BIROS_APPENDIX_0189-0190.

---

[3] For the avoidance of doubt, any allegations of Snyder's that Biros somehow owes Snyder any compensation is illogical. Biros owns the Property and the Property was held in constructive trust by the Debtor. This does not equate to Biros' ownership of the Debtor. Biros has no part in the Debtor's business, has no ownership in the Debtor's

7

Snyder is the key decision maker for the Debtor and has been at each step of the way. The Resolution and other actions that Snyder has taken on behalf of the Debtor, including directing the Debtor's pending litigation, instructing Debtor's counsel to appeal certain actions and order, and deciding not to take various actions, were done as a result of Snyder's assertions that he could take such action and that he controlled the Debtor. *See* BIROS_APPENDIX_0032-34; 196-210. Snyder now alleges that he is not the owner of Debtor because he seeks to benefit from a finding that some other party is the Debtor's owner and decision-maker. However, the law is clear. Under the FLSA, even in situations where a party is a manager or otherwise has the ability to take action on behalf of the Debtor, such a party is considered an "owner." *See, e.g., Kehler v. Albert Anderson, Inc.*, No. 16-5318, 2017 U.S. Dist. LEXIS 58826, at *18-21 (D.N.J. Apr. 17, 2017) (discussing *Hess v. Madera Honda Suzuki*, No. 10-1821, 2012 U.S. Dis. LEXIS 131584, at *5 (E.D. Cal. Sept. 14, 2012)).

As an owner of the Debtor, 29 U.S.C. § 203(s)(2) specifically excludes Snyder from any protection that the FLSA might otherwise offer. This provision provides that "[a]ny establishment that has as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or a part of such an enterprise." *Id.* As previously mentioned, Snyder has asserted that the Debtor never had regular employees. To the extent that Snyder now asserts that he was a regular employee as defined by the FLSA, he is expressly excluded from the protections of the FLSA because the Debtor's only employees would have been the owner and the Debtor would therefore not be considered to be an enterprise engaged

---

business, and did not serve the Debtor in any capacity. Snyder's arguments otherwise are unfounded and intended to muddy the waters.

in commerce. As such, Snyder is not entitled to the protections of the FLSA under any facts that he has alleged.

### b. Snyder is not, and was not, an "employee" of the Debtor under the FLSA

Snyder's statement that the definition of an "employee" under the FLSA is broad is accurate, but even this broad definition does not encompass Snyder under the circumstances. In determining whether a party is an employee under the FLSA's definition, the Third Circuit analyzes the "economic realities" of the relationship between the corporation and the aggrieved individual. *See Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1382-83 (3d. Cir. 1985). "It is a well-established principle that the determination of the employment relationship does not depend on isolated factors but rather upon the 'circumstances of the whole activity.'" *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1293 (3d Cir. 1991) (quoting *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730 (1947)).

Snyder created the Debtor entity and controlled it as the majority shareholder and, at all relevant times, he acted on behalf of the Debtor. This Court has made clear that parties are not entitled to be both "proprietors of the … corporation … and employees within the meaning of the Fair Labor Standards Act." *Eisert v. Urick Foundry Co.,* 150 F.Supp. 280, 286 (W.D. Pa. 1957). Snyder is attempting to argue that he is entitled to be both the owner and the employee of the Debtor.

To allow Snyder to proceed with an FLSA as the Debtor's "employee" would violate the express language of the FLSA's exclusions and would go against the spirit of the FLSA. Snyder's alleged "employment" by the Debtor is analogous to the partners' alleged "employment in *Eisert*. In *Eisert*, the Court explained:

> In this litigation it need hardly be mentioned that there never has been employment of the plaintiffs by the partnership which preceded the corporation or by the corporation, in the sense which the word "employ" is used in common parlance. Plaintiffs were never hired by any one. They were never engaged to perform services by any one. … They were equal partners with three other persons. They were proprietors of a prosperous partnership business for a period of four and one-half years. They were working for themselves. The Act of Congress was then in effect, and certainly when the corporation was formed on July 1, 1947, plaintiffs were not "hired" or "engaged" or "employed." They elected themselves officers and directors by virtue of their ownership of stock and by agreement with the other owners. They five partners were the founders and became the owners of the corporation. They were corporate executives at the top level, in common understanding. They employed other persons, but they themselves represented the proprietary interest as owners of the capital shares of the business.

*Id.* at 284. Similarly, Snyder created the corporation. He owned the majority of the shares and he essentially elected himself as officer of the corporation. He has been in control of the Debtor and is therefore not an "employee" who is entitled to any protections of the FLSA.

### E. The Bankruptcy Court did not abuse its discretion in sustaining the Objection

There is no requirement in the Bankruptcy Code or other legal authority which for the Bankruptcy Court to schedule and hold an evidentiary hearing on a claim objection prior to making a determination of whether a claim should be disallowed. Where a proof of claim fails to constitute prima facie evidence of the alleged claim's validity and there is no disputed material factual issues requiring resolution, disallowing a claim without an evidentiary hearing is appropriate. *See cf. Reliance Steel & Aluminum Co. v. Locklin (In re Locklin)*, BAP No. 2015 Bankr. LEXIS 4116* (B.A.P. 9th Cir. Dec. 7, 2015). Snyder failed to attach any supporting documentation to the Claim and the Bankruptcy Court determined that it was not entitled to prima facie validity under *In re Allegheny Int'l, Inc.* 954 F.2d 167 (3d Cir. 1992) and that line of cases. *See* Hr'g Trans, at 8:2-13, at BIROS_APPENDIX_0218.

During the hearing on the Objection, the Bankruptcy Court specifically asked whether Snyder had any additional information or arguments that Snyder wanted the Court to consider before making a determination on the Objection. Snyder, unequivocally, said "[n]o," *see* Hr'g Trans. 8:1, at BIROS_APPENDIX_0217-0218, and waived further arguments on the matter. Regardless of the fact that the hearing on the Objection was not scheduled as an evidentiary hearing, Snyder did not request an evidentiary hearing and did not present any additional facts for consideration. Given the opportunity for Snyder to argue or testify in relation his Claim, the Bankruptcy Court did not abuse its discretion in sustaining the Objection.

Furthermore, while the Hearing was not scheduled as an "evidentiary hearing," the Hearing was, in effect, an evidentiary hearing. Snyder was sworn and given the opportunity to testify under oath. He did not add anything to his Response and made the decision to allow the Court to rely on his papers rather than offer any testimony or other evidence. At no point during the Hearing did Snyder argue that he did not have ample time to prepare any potential evidence or testimony and the Snyder Brief does not provide any alleged evidence that he would have provided. It is clear that no "evidence" to support the alleged Claim exists and this Appeal is frivolous with no legal basis.

## RESERVATION OF RIGHTS

To the extent that Biros has addressed any additional arguments related to her Objection against the Claim in the Objection, the hearing on the Objection, or elsewhere, Biros expressly incorporates all such arguments herein. Biros further reserves all rights to address additional arguments related to the Objection and the Claim as may be necessary or appropriate.

**CONCLUSION**

Snyder's Claim has no basis in law or fact. Despite Snyder's averments to the contrary, all of his statements of record (under oath and otherwise) and documents filed under penalty of perjury – apart from the self-serving documents and testimony put forth in relation to Snyder's newfound Claim – serve to disprove Snyder's alleged Claim.

Furthermore, the FLSA is inapplicable because Snyder is the owner of the Debtor and, due to the economic realities, the record clearly demonstrates that Snyder is not an employee of the Debtor.

At the time of the Hearing, the Bankruptcy Court had more than adequate evidence to rule on the Objection, regardless of whether the Hearing was deemed an "evidentiary" hearing. Any additional evidence related to the Claim and the Objection was unnecessary. Undisputed and credible evidence proves that the FLSA is inapplicable to George's Claim. That fact alone negates Snyder's allegation that the Bankruptcy Court abused its discretion when sustaining the Objection and disallowing Snyder's Claim.

When given the opportunity to make additional arguments or present additional alleged facts at the Hearing, Snyder failed to do so. Many of the arguments made in the Snyder Brief were not raised prior to this appeal in Snyder's Objection, related declaration, or in court and were therefore waived at that time.

The Bankruptcy Court's Order sustaining the Objection to Snyder's Claim was well founded and no further evidence was necessary for the Bankruptcy Court to make its decision. Snyder has no claim under the FLSA, Snyder is judicially estopped from asserting such a claim, and the Bankruptcy Court did not abuse its discretion in sustaining Biros' Objection to Snyder's

Claim since the Claim was not entitled to prima facie validity. The Bankruptcy Court's order sustaining the Objection should be affirmed in its entirety without need for further hearing or briefing.

WHEREFORE, Biros respectfully requests that this Court (i) affirm the order of the Bankruptcy Court sustaining the Objection and disallowing Snyder's claim in its entirety, and (ii) grant such other and further relief as is just and proper.

Dated: August 30, 2023

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By: /s/ *Robert S. Bernstein*
Robert S. Bernstein (PA ID No. 34308)
rbernstein@bernsteinlaw.com
Sarah E. Wenrich (PA ID No. 325834)
swenrich@bernsteinlaw.com
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8108
Facsimile: (412) 456-8135
*Counsel for Christine Biros*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that this brief was filed with this Court this 30th day of August, 2023 and notice and a copy thereof was served upon Pro Se Appellant's, George Snyder by the CM/ECF system at georgesnyder@recap.email

By: /s/ <u>*Robert S. Bernstein*</u><br>
Robert S. Bernstein, Esq.

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation Of Fed.R.App.P.28.1(e)(2) or 32(a)(7)(B) because:

    [X] this brief contains no more than 13,000 words; or

    [ ] this brief uses a monospaced typeface and contains [state the number of] lines of text, excluding the parts of the brief exempted by Fed.R.App.P.32(a)(7)(B)(iii).

2.  This is brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [X] this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 12 Times New Roman, or

    [ ] this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].

Dated: August 30, 2023                                By: /s/ *Robert S. Bernstein*
                                                      Robert S. Bernstein, Esq.