IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE SNYDER, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 23-691 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CHRISTINE BIROS, | ) | |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM AND ORDER**

**I.  MEMORANDUM**

For the reasons that follow, the Order of Judge Gregory L. Taddonio, dated April 14, 2023, will be affirmed.

In his appeal, Appellant George Snyder argues that the Bankruptcy Court erred in sustaining Biros's objection to his claim for alleged wages against his company and debtor, U Lock, Inc., pursuant to the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.*, and should have held an evidentiary hearing prior to such finding.

The Bankruptcy Court correctly held that Appellant's claim was "just a bare bones claim" that was not entitled to *prima facie* validity pursuant to Allegheny International Inc., 954 F.2d 167 (3d Cir. 1992).  Apr. 2023 Tr. (Doc. 3) at 8:8-10.  This is unsurprising as Appellant failed to "have any supporting documentation substantiating the amounts claimed, or breakdown of the time periods, or the time frames by which the wages were accrued." *Id*. at 8:4-8.

Appellant takes issue with the Bankruptcy Court's determination that U Lock was not an "enterprise engaged in commerce" and, therefore, was not subject to the FLSA.  Snyder Br. at pp. 4-5.  Specifically, Appellant argues that Section 203(s)(2) "applies to FARMS, not

CORPORATIONS with many shareholders." Snyder Br. (Doc. 8) at pp. 4-5. Yet, Snyder failed to cite to any case law, documents or other evidence in the Bankruptcy record to support his contention. In fact, contrary to this contention, nowhere in Section 203(s)(2)'s text or related case law is it suggested that this exemption only applies to farms. The statute provides:

> Any establishment that has as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner *shall not be considered to be an enterprise engaged in commerce* or in the production of goods for commerce or a part of such an enterprise.

(emphasis added). In light of this, the Bankruptcy Court correctly held that U Lock was not an "enterprise engaged in commerce" given that "Snyder was the owner, U Lock had no other employees, and consequently [Snyder did] not appear to be an employee as qualified under the FLSA." Apr. 2023 Tr. at 9:2-7. Accordingly, Appellant has failed to demonstrate that the Bankruptcy Court's finding was clearly erroneous. *See* In re Orton, 687 F.3d 612, 615-16 (3d Cir. 2012) (on appeal, "clearly erroneous" standard applies to bankruptcy court's findings of fact) (citation omitted).

Appellant also argues that the Bankruptcy Court "incorrectly found that [his] explanation that the company did not have 'employees' contradicted with [his] claims for wage [sic]" because of the FLSA's expansive definition of an employer. Snyder Br. at p. 4. Although Appellant correctly observes the FLSA's broad definition of "employer," he has not demonstrated that he is an employee. Indeed, he has repeatedly identified himself as U Lock's officer and owner, *see* Snyder Bankr. Resp.(Doc. 12) at p. 2 (I filed this claim for wage [sic] . . . I believe it covers me even though I was an officer and owner."), and does not refute the Bankruptcy Judge's finding that Snyder's wage claim "conflict[ed] with [his] sworn statements" that U Lock did not have any employees, *id*. at 9:24-10:2; *see, e.g.*, Ex. A, Sept. 9, 2022 341 Tr. (Doc. 12) at 15:3-16:2; Ex. E, Snyder's Discovery Resps. (Doc. 12) at ¶ 3; *see also* Ex. A, Jan.

17, 2023 341 Tr. (Doc. 12) at 8:1-9:3 (testifying U Lock had no employees by Kash Snyder).[1] Instead, Appellant now argues – for the first time on appeal – that he was a shareholder of U Lock rather than its owner, which allegedly makes Snyder an employee under the FLSA. *See* Snyder Br. at p. 2.  However, the Court finds Appellee's reliance on <u>Eisert v. Urick Foundry Co.</u>, 150 F. Supp. 280, 286 (W.D. Pa. 1957), persuasive on this issue and holds that Snyder cannot be an "employee" who is entitled to FLSA protections. *See* Appellee Br. at pp. 9-10.  Therefore, Appellant has failed to demonstrate clear error, and his arguments before this Court are unavailing.

Appellant next challenges the Bankruptcy Court's finding that his claim was barred by the statute of limitations because "SOME but not ALL" of his claim was barred and that "the expiration of the limitations period does not eliminate the debt."  Snyder Br. at pp. 4-5.  However, Appellant once again fails to cite any evidence refuting the Bankruptcy Court's determination that because Snyder's alleged claim was from 2015 to 2019, the claims were time-barred pursuant to the two-year statute of limitations under 29 U.S.C. § 255(a).  Apr. 2023 Tr. at 9:8-14.  Additionally, Appellant's argument that a debt is not eliminated at the expiration of the

---

[1] This confusion is exacerbated by Appellant's contradictory arguments regarding "sweat equity."  Appellant first argues in a conclusory fashion that the Bankruptcy Court "incorrectly found [Snyder's claim] was a claim for 'sweat equity' rather than wage or services."  Snyder Br. at p. 4.  Then insists that "it is undisputed that 'sweat equity' occurred" and cites to Sections 13(a)(1) and (a)(17) of the FLSA for the proposition that "bona fide executives" are exempt from both minimum wage and overtime pay."  *Id*. at p. 6.  As best the Court can discern, Appellant's arguments only underscore the Bankruptcy Court's impression that Snyder's claim "appears to be an attempt to recoup lost sweat equity or capital contributions that were provided through his labor and efforts, rather than a wage," Apr. 2023 Tr. at 9:20-23, meaning Appellant is left without recourse for his claim for wages under the FLSA.  Moreover, as the Bankruptcy Judge noted, it is unclear why Appellant is claiming exemptions under Sections 13(a)(1) and (a)(17) "because the exemptions would not be helpful to him and, in fact, would exclude U Lock or his status from coverage for wages."  *Id*. at 6:6-14, 9:15-19.  To the extent that the Bankruptcy Court held Snyder's claim was a claim for sweat equity, if at all, the Court agrees and finds Appellant has failed to demonstrate clear error with respect to his "sweat equity" argument.

limitations period assumes too much given that U Lock's schedules, which were completed by Snyder, did not include Snyder's claim for unpaid wages that U Lock allegedly owed to him.[2]

Finally, although Appellant complains that the Bankruptcy Judge should have held an evidentiary hearing prior to sustaining Appellee's objection, Appellant has failed to demonstrate that the Bankruptcy Court abused its discretion, particularly given that Appellant has still, even on appeal, failed to demonstrate that there is any evidence that would have changed the Bankruptcy Court's determination.  Moreover, at the April 2023 hearing, the Bankruptcy Judge indicated that he reviewed all the papers submitted by the parties and Appellant's claim, summarized the arguments of Appellant and Appellee regarding the claim objection, and provided the parties an opportunity to correct the Bankruptcy Judge's understanding of the case. *See* Apr. 2023 Tr. 3:1-7:23.  Snyder was then sworn in to "mention" that he "could have amended" the schedules.  *Id*.  The Bankruptcy Court asked Snyder once again whether he wanted to add anything else, to which Snyder replied, "No." *Id*. at 7:24-8:1.  The Bankruptcy Judge then went on to make his factual findings based on his thorough and careful review of the record.  *Id*. at 8:2-10:5.  This Court finds no reason to disturb the Bankruptcy Judge's ruling.

---

[2] Appellant noted at the April 2023 hearing that he "[was] talking about amending the schedules" and "could have amended" the schedules to include his alleged wages.  Apr. 2023 Tr. 7:18-24.  This only reveals to the Court that Appellant was aware that he could have included his wage claim but declined to do so.  Moreover, this decision was sensible because, as Appellee notes, "Snyder has continuously asserted that the Debtor had no employees," the previously filed schedules filed by Appellant "under penalty of perjury assert[ed] that he had no claim against the Debtor" and he failed to include "any corroborating evidence" to support his wage claim.  Appellee Br. at p. 9.

## II.  ORDER

IT IS HEREBY ORDERED that the Bankruptcy Court's decision, dated April 14, 2023, and the Order entered contemporaneously therewith, are **AFFIRMED**.  This case will be marked closed.

IT IS SO ORDERED.

December 19, 2023                                                        s/Cathy Bissoon
                                                                                       Cathy Bissoon
                                                                                       United States District Judge

cc (via First-Class U.S. Mail):

George Snyder
PO Box 15
Irwin, PA 15642


cc (via ECF email notification):

All Counsel of Record